IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN GRAY, | § | |
| TDCJ-ID NO. 475245, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3504 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM ON DISMISSAL**

Petitioner John Gray, a state inmate, seeks habeas corpus relief under 28 U.S.C. § 2254. Petitioner is incarcerated in the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) serving a twenty-seven-year sentence.

In 1988, Petitioner was sentenced to prison upon his conviction for indecency with a child in the 230th District Court of Harris County, Texas, in cause number 481656. Petitioner's conviction was affirmed on direct appeal. *Gray v. State*, No. B14-88-00173-CR (Tex. App.–Houston [14th Dist.], pet. ref'd).

Petitioner raises two grounds for relief:

1. The Texas Court of Criminal Appeals abolished the state post-conviction writ of habeas corpus as to Petitioner which excuses his need to exhaust his state court remedies for his second ground for relief in this petition.

2. Petitioner is being unlawfully held past his mandatory supervision release date in violation of due process and double jeopardy.

Petitioner's first ground for relief is not a separate habeas corpus claim asserting that he is in custody in violation of the Constitution. Instead, it is part of his second ground in that it is an argument that because the Court of Criminal Appeals did not address a habeas corpus claim in state writ no. 5358-16, Petitioner does not have to exhaust his state court remedies in his second ground in this federal writ application.

Petitioner's contentions under his second ground for relief follow. The Texas Board of Pardons and Paroles denied Petitioner mandatory supervision release because the TDCJ-ID Time Credit Office did not correctly calculate the 36 years of total time credits (calendar and good time) to which he claims entitlement. The TDCJ-ID's time calculation mistake is based on their failure to take into account that Petitioner has been in continuous custody from August 9, 1987, to the present, including the time he spent on parole from 1992 through 1999.

In his Time Credit Dispute Resolution claim form, attached to his petition as part of Exhibit B, Petitioner states he is entitled to 2,486 days of time credit which was "removed" from his sentence because he was out of custody on parole from June 16, 1992, through July 14, 1999. He also alleges in this claim form that his time was

miscalculated because the underlying offense was incorrectly treated as a violent offense. Petitioner contends he was in the custody of the TDCJ while he was on parole and therefore is entitled to time credit toward his sentence for this period. The gravamen of this application appears to be that the TDCJ did not credit him with the time he spent on parole from 1992 to 1999.

Petitioner has made essentially these same claims concerning the missing 2,486 days in a prior case filed in this Court, *Gray v. Dretke*, 4:05-CV-2102 (S.D.Tx.). This Court dismissed that case as time barred. Because Petitioner filed the instant case later, this case is necessarily time barred.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), amended the habeas corpus statutes. The AEDPA states in part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

3

>    diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(West 1996).

Subsection 2244(d)(1)(D) controls Petitioner's attack on his time credit calculations. Under that subsection, the limitations clock starts when the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In his prior case, Petitioner raised these grounds for relief:

1. Upon the revocation of his parole, TDCJ-ID retroactively cancelled 2,486 days of street-time credit, which increased his sentence from 27 years to 34 years confinement.

2. He was denied release on mandatory supervision on March 25, 2003, because he was convicted of possession of narcotics.

3. His sentence has been extended from 27 years to 34 years confinement without due process of law.

4. Petitioner did not voluntarily consent to the discretionary forfeiture of accrued street time when he released to parole in 1992.

5. Petitioner has been denied the right to timely, meaningful, and fair access to the state courts under the habeas corpus statute to correct several ongoing constitutional violation of the judgment resulting in unlawful confinement because the Texas Time Credit Office has made a retroactive finding that his August 1987 offense is an aggravated offense and a crime of violence and cancelled his street time.

This Court found in *Gray v. Dretke*, 4:05-CV-2102, that Petitioner was or should have been aware of the facts of his claims more than a year before he filed that federal writ application.

Because the claims in both cases are essentially the same, the factual predicate of the claims is the same. This Court found in the prior federal writ that the latest the factual predicate of the claims could have been discovered was March 23, 2003. The limitation period in the prior application and this application expired on March 23, 2004. There is no allegation or showing that any state writ applications tolled the statute of limitations during that one-year period. Petitioner filed this application on October 3, 2005, more than 18 months after the statute of limitations expired.

This Court notes that the prisoner litigation index maintained by the federal courts shows that Petitioner has filed as many as 17 other lawsuits in the federal courts. At least four of these cases are "strikes" under 28 U.S.C. § 1915(g). *See Gray v. City of Houston, et al.*, No. 3:87cv3362 (S.D. Tx.); *Gray v. Lindsay, et al.,* No. 3:88cv216, No. (S.D. Tx.); *Gray v. Harris County, Texas, et al.*, No. 3:88cv4189 (S.D. Tx.); and *Gray v. Scott*, No. 3:00cv665 (S.D. Tx.). Petitioner was sanctioned by this Court in *Gray v. DeAnda, et al.*, No. 3:90cv623 (S.D. Tx.). The U.S. Court of Appeals for the Fifth Circuit also sanctioned Petitioner in *Gray v. DeAnda, et al.*, Appeal No. 91-2157

(5th Cir.). In another appellate case, the Fifth Circuit warned Petitioner about filing frivolous COA applications. *See Gray v. Dretke*, Appeal No. 03-20933 (5th Cir.). In that appeal, the Court of Appeals noted the following:

> Gray is serving a 27-year prison term for a 1988 conviction of indecency with a child. After Grays' release on parole in 1992, his parole was revoked in 1999 and he returned to prison. Gray has filed at least two prior 28 U.S.C. § 2254 petitions challenging this revocation and the refusal of the Texas Department of Criminal Justice ("TDCJ") to credit him with approximately seven years of calendar time accumulated during his release.....
>
> He also has maintained that these actions directly resulted in the "retroactive cancellation" of 2,486 days of accrued calendar time.....
>
> Gray's pleadings reflect that his primary focus is the claim that he has raised in at least two prior 28 U.S.C. § 2254 proceedings: that he is entitled to sentencing credit for the calendar time that he spent released on parole, from 1992 to 1999. This claim is not merely frivolous, *see Newby v. Johnson,* 81 F.3d 567, 569 (5th Cir. 1996), but Gray has disingenuously attempted to connect such claim to his 2003 disciplinary conviction and denial of parole.

*Id.*, pp. 2-3.

As the quoted language makes plain, at least some, if not all, of Petitioner's claims here have been raised in federal court well before Petitioner filed this case. In any event, the Fifth Circuit's discussion of Petitioner's litigation history reinforces the

conclusion that he was or should have been aware of the facts of his claims raised here well before one year prior to the date he filed this case.

The federal courts are authorized to *sua sponte* dismiss habeas petitions where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243. Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

Petitioner's federal application is time barred. This action is DISMISSED with prejudice as time barred under 28 U.S.C. § 2244(d).

This Court finds that petitioner has not made a substantial showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), *cert. denied*, 534 U.S. 945 (2001). For this reason, this Court finds that a certificate of appealability should not issue.

SIGNED at Houston, Texas, on this 3rd day of Novmeber, 2005.

*David Hittner*
_____

DAVID HITTNER

United States District Judge